IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DRAUCKER, #23-000262, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-89-S-BN |
| STATE OF TEXAS, ET AL., | § § § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff James Draucker, at the time incarcerated at the Rockwall County jail and facing extradition to Pennsylvania, filed a *pro se* action under 42 U.S.C. § 1983 requesting monetary damages, alleging that the extradition proceedings violated due process, his civil rights, and the Texas Criminal Code. *See* Dkt. No. 7.

Draucker's Section 1983 case has now been transferred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

Where a plaintiff who is imprisoned or detained pending trial (or here extradition) seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Under this obligation, the undersigned enters these findings of fact,

conclusions of law, and recommendation that the Court should dismiss this action with prejudice and impose a strike under 28 U.S.C. § 1915(g).

## Applicable Background

On November 24, 2021, the Commonwealth of Pennsylvania charged [Draucker] with 2 counts of felony driving under the influence of drugs or alcohol and 9 misdemeanor offenses. According to [his] sworn application for writ of habeas corpus, on March 30, 2022, he was arrested in Fort Worth on bench warrants from Rockwall County, Texas and Jefferson County, Pennsylvania. On April 8, 2022, [Draucker] pleaded guilty to a Rockwall County driving while under the influence charge and was sentenced to 25 days in jail, with credit for time served. On April 13, 2022, [he] appeared before the Rockwall County Court at Law and refused extradition to Pennsylvania.

Consequently, on April 28, 2022, the Pennsylvania extradition proceedings were initiated by Jefferson County, Pennsylvania's Petition for Requisition directed to the Governor of Pennsylvania. On May 3, 2022, the Commonwealth of Pennsylvania issued its Governor's Requisition addressed to the Governor of Texas, reciting that [Draucker] fled from Pennsylvania to Texas and requesting that Texas apprehend [Draucker] and deliver him to designated agents of the Commonwealth of Pennsylvania for prosecution.

On May 10, 2022, the Governor of Texas issued a warrant for [Draucker's] arrest addressed to all Texas law enforcement directing [his] delivery to Pennsylvania authorities.

On June 6, 2022, [Draucker] filed his application for writ of habeas corpus alleging that he was illegally confined and restrained of liberty by the Sheriff of Rockwall County. A hearing on [Draucker's] application was held on June 6, 2022, [Draucker] did not contest any of the legal requirements for extradition: namely, (1) whether the extradition documents on their face are in order (2) whether [he] has been charged with a crime in the demanding state (3) whether [he] is the person named in the extradition request and (4) whether [he] is a fugitive. *Wray v. State*, 624 S.W.2d 573 (Tex. Crim. App. 1981). Moreover, at the hearing, and while under oath, [Draucker] stipulated that he was in fact the person identified in the paperwork for the extradition. The State also introduced into evidence the Executive Warrant of the Governor of the State of Texas and the requisition and supporting papers authorizing the arrest and return of appellant to the Commonwealth of Pennsylvania to answer the charges pending against him there. The trial court denied [Draucker's] application.

*Ex parte Draucker*, No. 05-22-00615-CR, 2022 WL 6935605, at *1 (Tex. App. – Dallas

Oct. 12, 2022, pet. ref'd).

Draucker appealed. And the Dallas Court of Appeals affirmed the trial court's denial of Draucker's state habeas petition, agreeing with the trial court that the issuance of a valid Governor's Warrant moots Draucker's complaints concerning confinement – his "sole issue." *Draucker*, 2022 WL 6935605, at *2.

The Texas Court of Criminal Appeals then refused Draucker's petition for discretionary review. *See Ex parte Draucker*, PD-0686-22 (Tex. Crim. App. Jan. 11, 2023); *see also Ex parte Draucker*, WR-94,476-01 (Tex. Crim. App.) (denying Draucker's "petition for immediate release of defendant"; his "motion for compelling discovery"; and his "motion for leave to file the original application for a writ of habeas corpus").

Draucker also unsuccessfully challenged his extradition under the federal habeas statute in this district. *See, e.g.*, *Draucker v. State of Pa.*, No. 3:23-cv-583-X-BN, 2023 WL 3294863 (N.D. Tex. Mar. 29, 2023), *rec. accepted*, 2023 WL 3293287 (N.D. Tex. May 5, 2023). And, on or about March 8, 2023, he was released to Pennsylvania law enforcement. *See Draucker v. State of Tex.*, No. 3:22-cv-2871-M-BN, Dkt. No. 28 (N.D. Tex.).

**Discussion**

As the United States Court of Appeals for the Fifth Circuit explained more than 42 years ago,

> [t]he Constitution imposes a duty on states to extradite fugitives. Congress implemented this constitutional duty with the enactment of 18 U.S.C. § 3182. The framers designed the extradition clause to enable states to "bring to speedy trial offenders against its laws from any part

> of the land." *Biddinger v. Commissioner of Police*, 245 U.S. 128, 133 (1917). By deemphasizing state boundaries and imposing the concepts of comity and full faith and credit found in other clauses of article IV, the framers sought to ensure the smooth functioning of the criminal justice system. *See Michigan v. Doran*, 439 U.S. 282 (1978). The framers also envisioned that the governors of the states would play the primary role in effectuating extradition. As the Supreme Court recently reiterated, "[i]nterstate extradition was intended to be a summary and mandatory executive proceeding." *Id.* at 289.

*Crumley v. Snead*, 620 F.2d 481, 482-83 (5th Cir. 1980) (cleaned up).

Even though "the executive plays the primary role in extradition, the courts do have a limited role." *Id.* at 483. First, "individuals have a federal right to challenge their extradition by writ of habeas corpus." *Id.* (citing *Roberts v. Reilly*, 116 U.S. 80 (1885)). "Admittedly, the scope of this habeas corpus challenge is narrow." *Id.* (footnote omitted); *see also Michigan v. Doran*, 439 U.S. at 290; *McDonald v. Burrows*, 731 F.2d 294, 296-97 (5th Cir. 1984).

But, because "the right to the hearing is one secured by the Constitution and laws of the United States," "[a]ny denial of this right gives rise to a cause of action under 42 U.S.C. § 1983," which "protects all rights, privileges, or immunities secured by the Constitution and laws of the United States." *Crumley*, 620 F.2d at 483.

Consequently, "[i]f [Draucker] had been denied the opportunity to challenge his removal from [Texas], he might have a viable § 1983 claim." *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *see also Bradley v. Extradition Corp. of Am.*, 758 F. Supp. 1153, 1157 (W.D. La. 1991) ("[A] fugitive may bring a civil rights action under 42 U.S.C. § 1983 against the proper state officials to remedy alleged unconstitutional departures from the appropriate extradition process." (citations omitted)).

As the applicable background set out above reflects, Draucker was not denied

the opportunity to challenge his removal from Texas. And multiple courts have held that there were no unconstitutional departures from the appropriate – but necessarily limited – extradition process. *See Draucker*, 2022 WL 6935605, at *1-*2; *Draucker*, 2023 WL 3294863, at *3-*4 ("The state court proceedings … show that the trial court fulfilled its narrow role in the extradition process as established by *Michigan v. Doran*. And nothing in the record before this Court reflects that a federal court should 'interfere in the constitutionally-mandated extradition process.' In sum, Draucker fails to show that he is entitled to habeas relief in this district under the narrow scope of [28 U.S.C. §] 2241 in the context of extradition. That is, Draucker fails to show that his custody in Rockwall County prior to being released to Pennsylvania authorities was 'in violation of the Constitution or laws or treaties of the United States.'" (quoting first *McDonald*, 731 F.2d at 296, then 28 U.S.C. § 2241(c)(3))).

So, because nothing Draucker now alleges should cause the Court to question the conclusions reached previously by other judges, the Court should dismiss Draucker's Section 1983 claims as amended with prejudice and impose a strike under Section 1915(g). *See Towns v. Sheriffs Dep't Jackson Par.*, 710 F. App'x 227, 228 (5th Cir. 2018) (per curiam) (dismissing appeal *sua sponte* and imposing a strike under Section 1915(g) where, "[e]ven liberally construed, nothing in [the plaintiff's] allegations suggests a claim that he was denied his right to file a habeas corpus challenge to his extradition").

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and impose a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE